COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-337-CV

 

 

IN THE INTEREST OF E.N.M., 

MINOR CHILD

                                                                                                        

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

After a bench trial, the
trial court terminated Appellant Mary S.=s parental rights to her child E.N.M. 
In one issue, Mary contends that the evidence is factually insufficient
to support the best interest finding. 
Because we hold that the evidence is factually sufficient to support the
best interest finding, we affirm the trial court=s order of termination.








At the time of trial, Mary
had five children, ranging in age from nine years to three months, and all of
them had been removed from her custody. 
Mary was in jail in February 2004 when her first two daughters were
removed from the man she left them with because he sexually abused them.  A month later, her son was also removed.  In May 2004, Mary was released from jail and
continued to live with the man for a time.

E.N.M. was born in February
2005, and the Texas Department of Family and Protective Services (ACPS@) took her
into custody when the hospital discharged her. 
E.N.M.=s older
siblings were still in CPS=s custody.  At the time of
E.N.M.=s birth, Mary lived with a felon. 
CPS had reason to believe that he was also a sexual perpetrator and that
he had committed domestic violence against Mary.  The man had been barred from the government
housing where Mary lived, and Mary had received notice that she would be
evicted.  Six days after the birth, she
was evicted.  Mary moved in with her
stepmother, who had charges then pending for possession of precursor chemicals
for the manufacture of methamphetamine.








In May 2005, with CPS and CASA=s help, Mary obtained housing and furnishings.  On May 23, 2005, CPS returned E.N.M. and her
older brother to Mary in an attempt at reunification.  The two older sisters were already in the
permanent managing custody of CPS but visited during the weekend of June
4.  They reported that there was no food
or electricity and that a strange man was there during the visit.  Mary denied that anything wrong had
happened.  The electricity was turned
back on June 10, but on June 21, Mary tested positive for cocaine.  On June 24, CPS removed E.N.M. and her
brother again.  Less than two weeks
later, Mary was fired.

In August, Mary got a new
job, but her hair follicle drug test Acaused concern.@  Mary did not take the court-ordered drug test
on September 8, 2005, and refused some drug tests thereafter.  She did not attend a Narcotics Anonymous
meeting after May 2005.

In September, Mary=s water was cut off, and she was evicted again.  She did not attend court-ordered counseling,
pay child support, or find stable housing in the months thereafter, and the
drug tests she did take continued to cause concern.  In December she moved again, this time to a
hotel.

In April 2006, Mary was
working for Servicemaster.  In May, she
quit when her fifth child was born.  Both
of them tested positive for marijuana at that time.  Mary did not remember at the time of trial
which other drugCmethamphetamine
or amphetamineCshe tested
positive for during May.  Mary has not
held a job since that time, but testified at trial that she was trying to get a
job at the state hospital and had also tried to get work at a couple of nursing
homes and some motels.








She also testified that she
was trying to get a voucher for section eight housing.  At the time of trial, Mary was in jail for
unpaid tickets, but otherwise she lived with a woman with a CPS history and
warrants pending; that was Mary=s sixth home since E.N.M.=s birth.

Mary testified that she did
not pay child support for her children because they are her children, and it
was not her choice to have someone else take care of them, but she later stated
that she would probably pay child support if she had the money.  She testified that she sells her plasma for
money.  Mary also testified that she uses
drugs because she is depressed and that her children know that she uses
drugs.  Mary admitted that she had used
drugs within the month before trial, but she said that she would stop smoking marijuana
to get a job.  Evidence showed that Mary=s noncompliance with the trial court=s orders is due not to a lack of ability but is instead due to her
lack of motivation, a lack of concern, and a refusal to put her children=s needs before her own.








E.N.M. and her brother live
together in a potential adoptive home. 
E.N.M. is bonded with her brother and her foster mother, and the
interaction with the foster parents is Awonderful.@  The State=s evidence showed that the bond between E.N.M. and Mary is minimal;
Mary testified that they have a bond Ato a certain extent.@  In the event of an adoption,
CASA would request that E.N.M. and her brother have some contact with the
sisters in the permanent managing custody of CPS.

Based on the applicable
standard of review,[2]
we hold that the evidence is factually sufficient to support the trial court=s finding that termination of Mary=s parental rights is in E.N.M.=s best interest, overrule Mary=s sole issue, and affirm the trial court=s order of termination.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DELIVERED: 
May 3, 2007











[1]See Tex. R.
App. P. 47.4.





[2]See In
re C.H., 89 S.W.3d 17, 25, 28 (Tex. 2002) (providing factual sufficiency
standard of review); Holley v. Adams, 544 S.W.2d 367, 371‑72 (Tex.
1976) (providing factors to consider in determining best interest).